The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on two questions concerning the following facts:
 1. In 1966, Union County voters and El Dorado voters voted for voting machines to be used.
 2. On February 17, 1994, the Quorum Court voted to accept the low bid to lease with option to purchase an optical scanner to be used with paper ballots.
 3. On September 16, 1994, the Quorum Court passed an ordinance to call for a special ballot measure for the purchase and use of electronic vote scanning equipment to be used with paper ballots.
 4. On November 8, 1994, 6372 voters voted against the purchase and use of electronic vote scanning equipment to replace the automatic voting machines used prior to the 1994 election.
 5. The paper ballots were used in the primary and general election, 1994 with many problems. One of the problems was there were not enough ballots ordered. Copies of ballots were made on a copying machine and the votes were hand counted.
The two questions posed with regard to these facts are as follows:
 1. Has the Quorum Court of Union County violated Arkansas Code Annotated Section 7-5-501(e) by implementing the method of voting and vote counting which was in use prior to the election that authorized voting machines or electronic voting systems without an election authorizing such a change?
 2. Can the Quorum Court implement paper ballots and electronic counting machines since voters voted against such a change from the voting machines?
It is my opinion that the answer to your first question is "no."
Although, in my opinion, the facts above are not entirely clear, it is my understanding that the chronology of events is essentially as follows: The voters of Union County voted in 1966 to use "voting machines." These machines were used until some time in 1994, when the Quorum Court presumably enacted an ordinance to authorize the use of "scanning equipment," which the county acquired by lease. The new scanning equipment was used in the primary and in the general election of 1994, but with a number of problems. The Quorum Court in September of 1994 passed an ordinance calling an election on the question of the purchase and use of the scanning equipment, and the voters of Union County defeated this measure at the November 1994 general election. It is my understanding that sometime in the past several months, the Quorum Court, presumably by ordinance, voted to discontinue use of the scanning equipment and return to the use of the "voting machines."
The first question presented is whether this chronology of events is in violation of A.C.A. § 7-5-501(e), which provides as follows:
 In municipalities or counties which acquired voting machines or electronic voting systems, or which voted to do so before April 6, 1979, nothing in this section and §§ 7-5-604 and 7-5-605 or present laws shall prohibit such municipalities or counties from using any method of voting authorized by law, whether singly or in combination with any other authorized voting method. However, no municipality or county shall implement the method of voting and vote counting which was in use prior to the election that authorized voting machines or electronic voting systems without an election authorizing such a change. [Emphasis added.]
This statute prohibits the implementation of the method of voting which was in use prior to an election which authorized the use of voting machines or electronic voting systems. In my opinion, this provision is not violated by the facts presented as regards Union County. The voters of Union County voted to use "voting machines" in 1966. This was the last election which authorized the use of any method of voting. (The 1994 election to authorize scanning equipment failed.) Thus, the statute above would prohibit the Quorum Court of Union County from implementing the method of voting which was in use prior to the voting machines (which I presume was paper ballots), without a vote of the people. The Union County Quorum Court can thus not authorize the use of paper ballots without an election of the people. In authorizing the use of "scanning equipment," however, the Quorum Court did not authorize the use of "paper ballots." This office has previously opined that the type of "scanning equipment" to which you refer does not constitute the use of "paper ballots," but rather, meets the definition of an "electronic voting system" under A.C.A. §§ 7-5-601 to -616 (Repl. 1993). See Op. Att'y Gen. 94-280 (copy enclosed). The quorum court's authorization to use such "scanning equipment," does not therefore violate A.C.A. § 7-5-501(e).
In response to your second question, it is my opinion that despite the election in November of 1994, in which the electors voted not to authorize the use of "scanning equipment," the quorum court could implement such a system by ordinance, upon a vote of two-thirds of the membership of the quorum court. It is my assumption that the ordinance calling an election on the use of the scanning equipment was referred to the voters pursuant to A.C.A. § 14-14-905(f), which authorizes the quorum court to refer ordinances to the voters prior to the effective date thereof. Subsection 14-14-918(b) of the Arkansas Code provides in pertinent part that: "[n]o measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two-thirds (2/3) of the whole number of justices comprising a court." Thus, a quorum court does have authority to overturn action instituted by vote of the people by a two-thirds vote.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh